UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN DOE,                                   :
      Plaintiff,                          :
                                            :
v.                                          :          3:09-CV-1071-WWE
                                            :
UNIVERSITY OF CONNECTICUT,                  :
      Defendant.                          :

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR
RECONSIDERATION**

     The defendant, University of Connecticut, has filed a motion for reconsideration to call the Court's attention to matters and controlling decisions, which counsel believes the Court overlooked in the initial decision denying summary judgment on plaintiff's discrimination claim pursuant to Title VII.

     Reconsideration will be granted only if the moving party identifies controlling decisions or data that the court overlooked and that could reasonably be expected to alter the court's decision. See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration may not be used simply to relitigate an issue that has been decided adversely to the movant.  Joyce v. Semple, 2012 U.S. Dist. LEXIS 150294 (D. Conn. 2012).

     Defendant asserts that (1) plaintiff signed a release and waiver prohibiting this suit, (2) the proxy or alter ego theory allows an affirmative defense, and (3) superceding Second Circuit law allows an affirmative defense.  Because these theories, if accurate, could reasonably be expected to alter the Court's decision, defendant's motion for reconsideration is GRANTED.

**Release and Waiver**

     Defendant argues that plaintiff signed a 2006 release and waiver that prohibits his current claim.  The relevant portion of the release and waiver states:

          Mr. Doe and UCPEA agree that by this agreement they waive, release,

> promise not to file, bring or pursue any judicial, quasi-judicial or
> administrative complaint, charge, claim, suit, grievance, or action, against the
> University or its present or former officers, representatives or employees
> under any collective bargaining agreement, federal or state constitution,
> statute, law or regulation, including but not limited to, 42 U.S.C. Sec. 1983,
> Title VII of the Civil Rights Act, the Age Discrimination in Employment Act,
> the Americans with Disabilities Act, the Connecticut Fair Employment
> Practices Act, or with any and all common law principles, whether in tort or
> contract *concerning Mr. Doe's unpaid disciplinary suspension.*

The release and waiver is clearly limited to potential litigation concerning plaintiff's unpaid disciplinary suspension. It does not act as a waiver of all potential actions regardless of their basis. Here, plaintiff's claim is not dependent on his unpaid disciplinary suspension. Therefore, the release and waiver does not prohibit plaintiff's discrimination claim.

**Proxy or Alter Ego Theory**

Defendant next argues that the proxy or alter ego theory does not prohibit the availability of the *Faragher/Ellerth* affirmative defense. However, exclusion of the *Faragher/Ellerth* defense in this case was not based on a proxy or alter ego theory. Therefore, the fact that the proxy or alter ego theory does not prohibit the defense here is irrelevant.

**Finnerty**

Finally, defendant argues that the Court overlooked the controlling case law of Finnerty v. William H. Sadlier, Inc., 176 Fed. Appx. 158 (2d Cir. 2006).

This Court relied on Min Jin v. Metro Life Ins. Co. for the proposition that "[r]equiring an employee to engage in unwanted sex acts [in order to retain one's job] . . . fits squarely within the definition of 'tangible employment actions' that the Supreme Court announced in Faragher and Ellerth." 310 F.3d 84, 94 (2d Cir. 2002). Where facts support a finding of a tangible employment action, the *Faragher/Ellerth* affirmative defense is not available to the employer.

2

Ellerth v. Burlington Industries, Inc., 524 U.S. 742, 765 (1998).

Defendant argues that this Court should not have relied on Jin because a subsequent Second Circuit decision, Finnerty, distinguishes Jin and supports defendant's position that no tangible employment action exists in this case.  However, Finnerty directly supports this Court's decision.  176 Fed. Appx. at 161-62.  While Finnerty distinguishes *itself* from Jin, both Finnerty and Jin hold that sexual assault predicated on threats of termination constitutes tangible employment action.  Id.

> Jin v. Metropolitan Life Ins. Co., 310 F.3d 84 (2d Cir.2002), cited by Finnerty, is consistent with that decision. There, we concluded that the district court erred by giving the jury a definition of tangible employment action that excluded from consideration the fact that in order to retain her job Jin was required to submit, and in fact did submit, to weekly sexual assaults by her superior. Id. at 97-99. A rational juror could conclude, we reasoned, that Jin received an official employment benefit-the retention of her job-in return for submitting to her supervisor's physical abuse, a scenario we characterized as "a classic quid pro quo." Id. at 94. Here, by comparison, Finnerty does not contend that Richards explicitly threatened her with termination or otherwise formally altered or threatened to alter her job responsibilities if she did not submit to his advances. There is no evidence from which a rational juror could conclude that Finnerty suffered a tangible employment action as a result of Richards' alleged harassment.

Id.

Defendant asserts that plaintiff failed to allege that he was threatened with termination, and, thus, the *Faragher/Ellerth* defense is available to defendant.  However, plaintiff's sworn affidavit directly contradicts defendant's assertion:

> Each time I was assaulted I begged Smith to stop. I am married and have a family.  However, Smith would repeatedly remind me that he was my boss and he had given me my job and could take it away. He would say "you need this job." I was completely dependent on Smith for my livelihood. He would tell me "you scratch my back and I will scratch yours." I did not report Smith's treatment of me because I was ashamed and in fear of losing my job.

Here, as in <u>Jin</u>, plaintiff alleges that he was explicitly threatened with termination if he did not submit to his superior's advances.  Therefore, the *Faragher/Ellerth* defense is not available to defendant.  As <u>Finnerty</u> does not alter this Court's prior decision, summary judgment will again be denied as to plaintiff's discrimination claim.

## <u>CONCLUSION</u>

For the foregoing reasons, defendant's motion for summary judgment is DENIED as to plaintiffs discrimination claim.


Dated this 30th day of November, 2012, at Bridgeport, Connecticut.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

4