IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
                                                         :
JOHN DOE                                                 :    3:09 CV 1071 (JGM)
                                                         :
                                                         :
V.                                                       :
                                                         :
UNIVERSITY OF CONNECTICUT                                :    DATE: AUGUST 26, 2013
                                                         :
---------------------------------------------------------X

## RULING ON DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS RE DISCOVERY AND DISCLOSURE REQUIRED PURSUANT TO RULES 26 AND 37

The factual and procedural history behind this acrimonious litigation has been set forth in considerable detail in this Magistrate Judge's fifty-five page Ruling on Multiple Motions In Limine, filed August 23, 2013.  (Dkt. #175), familiarity with which is presumed.

On July 30, 2013, defendant filed the pending Motion to Compel and for Sanctions re Discovery and Disclosure Required Pursuant to Rules 26 and 37 (Dkt. #173),[1] as to which plaintiff filed his brief in opposition three weeks later, on August 20, 2013 (Dkt. #174); defendant filed its reply brief three days thereafter, on August 23, 2013.  (Dkt. #178).

In this motion, defendant moves for an order to compel plaintiff to produce the expert witness records of Dr. David Bonanno, to produce updated discovery responses, to produce trial exhibits (and to redact same), and further seeks sanctions pursuant to FED. R. CIV. P. 26 and 37.  (Dkt. #173, at 1-3 & Brief, at 1-6).   Defendant argues that it has been "prejudiced by these unexcused delays" by plaintiff insofar as it needs these records to properly defend itself in this action, and specifically requests that plaintiff be precluded from

---

[1]The following four exhibits were attached: copy of e-mail between counsel, dated April 11, 2013 (Exh. A); copies of e-mails between counsel, dated March 5 & 13, April 1, 11 & 25, June 25 & 26, and July 5, 11, 12, 15 & 16, 2013 (Exh. B); affidavit of defense counsel, sworn to July 30, 2013; and Bill of Costs, dated July 30, 2013.

introducing evidence regarding Dr. Bonanno at trial and be prohibited from introducing "his untimely filed, improperly redacted exhibits" into evidence at trial, and defendant requests costs associated with filing this motion.  (Dkt. #173, at 3 & Brief, at 4-7).[2]  In his brief in opposition, plaintiff argues that defendant failed to comply with Local Rule 37 in attempting to resolve this discovery dispute first and plaintiff did provide updated records from Dr. Bonnano on July 11, 2013, and the exhibits have not been "publicly filed" so there was no need for redaction. (Dkt. #174, at 1-3).[3]

In its reply brief, defendant argues that counsel have attempted to resolve these discovery disputes without success (Dkt. #178, at 1-2); plaintiff has not updated his interrogatory responses with respect to Dr. Bonnano, has "thwart[ed]" defendant's ability to obtain these records directly from the doctor, and improperly provided medical records <u>after</u> the Joint Trial Memorandum and motions <u>in limine</u> were filed (<u>id.</u> at 2-6); and sanctions are warranted for plaintiff's violation of a court order to redact the real names of John Smith and Mary Smith.  (<u>Id.</u> at 6).

As set forth in Sections I.C.1 and I.E of the Ruling on Multiple Motions <u>In Limine</u> (at 37-44, 51-53), plaintiff does not intend to call Dr. Bonnano as a witness in that there will be no evidence regarding plaintiff's arrests and convictions, so the present motion is moot with respect to his medical records and updated discovery responses.

Of the three exhibits plaintiff seeks to introduce at trial (<u>see</u> Dkt. #172), Section I.B.1

---

[2] Defendant has argued that "[a]s a result of . . . [p]laintiff's willful non-compliance, . . . [d]efendant's ability to prepare for trial, including filing motions in limine, has been compromised." (Dkt. #173, Brief at 2).  As the fifty-five page Ruling on Multiple Motions <u>In Limine</u> aptly demonstrates, defendant has <u>hardly</u> been hampered in its filing of motions <u>in limine</u>.

[3] As with the previous thirteen motions, these briefs reflect poorly upon the unnecessarily poor relationship between counsel.   <u>See</u> Ruling on Multiple Motions <u>In Limine</u>, at 3, n.4.

of the Ruling on Multiple Motions In Limine (at 24-30) has precluded the introduction of the first, the ODE Report (Exh. 1), leaving only two exhibits (Exhs. 2-3) for which no redaction is necessary, other than plaintiff's first name on Exh. 2.

Thus, with respect to defendant's requests, the pending motion (Dkt. #173) is denied without prejudice as moot.

With respect to defendant's request for sanctions, the motion is denied without prejudice to renew at the end of this litigation, the Court not wishing to distract counsel any further from the substantial task ahead and to further inflame the acrimony between counsel.

Dated at New Haven, Connecticut, this 26th day of August, 2013.

  /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge